IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3320-FL

| | | |
|---|---|---|
| ROBERT LEE STROTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAPTAIN R. RUSSELL, DEPUTY J. | ) | |
| BISSETTE, G. MARTINEZ, and | ) | |
| SHAUNA CASTILEJA | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on motions to dismiss (DE 30, 39), pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Captain R. Russell ("Russell"), Deputy J. Bissette ("Bissette"), and G. Martinez ("Martinez"). The motions are fully briefed, and in this posture, the issues raised are ripe for ruling. Also before the court are plaintiff's motions to amend (DE 44) and appoint counsel (DE 34), and defendants' joint motion for protective order (DE 51).

**STATEMENT OF THE CASE**

On November 16, 2023, plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 by formerly named defendants Lenoir County Sheriff Office and Lenoir County Emergency Services. Plaintiff alleged defendants used excessive force, shooting plaintiff multiple times in the back as he was

---

[1] The court constructively amends the caption of this order to reflect dismissal of plaintiff's claims against formerly named defendants Lenoir County Sheriff Office and Lenoir County Emergency Services by court order on August 8, 2024.

attempting to run away. On May 31, 2024, the court found defendant Lenoir County Sheriff Office was not an entity capable of being sued under § 1983, and plaintiff failed to allege facts establishing a claim for municipal liability against defendant Lenoir County Emergency Services. The court directed plaintiff to file an amended complaint. On June 20, 2024, plaintiff filed an amended complaint specifically naming defendants Russell, Bissette, Martinez, and Shauna Castileja.

Defendants Russel, Bissette, and Martinez filed the instant motions to dismiss arguing, in part, that plaintiff's claims are barred by the statute of limitations. Plaintiff responded in opposition requesting leave to amend and appointment of counsel. Plaintiff subsequently filed a motion to amend complaint, and defendants filed a joint motion for protective order.

**DISCUSSION**

A.      Motion to Appoint Counsel

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

2

Thus, "[t]he district court must . . . assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024). Importantly, legal "inexperience and incarceration alone do not warrant appointment of counsel." Id. at 249.

Here, plaintiff has demonstrated through his filings that he is capable of proceeding pro se, and his claims are not so complex to warrant appointing counsel. Further, plaintiff's legal inexperience alone does not support appointment of counsel.

B.     Motion to Amend

When presented with a motion to amend, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend should be allowed "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). "A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep' t of Transportation, 914 F.3d 213, 228 (4th Cir. 2019); see In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict courts are free to deny leave to amend as futile if the [pleading] fails to withstand Rule 12(b)(6) scrutiny.").

Where plaintiff reiterates his claims against defendants and expounds on the underlying facts of the case, the motion is granted. To the extent plaintiff seeks to have the amendments

3

"relate back" to the filing date of his original complaint, the request is denied for the reasons stated below.

C.      Motion for Protective Order

Defendants seek a protective order relieving them from any obligation to respond to plaintiff's request for production of documents (DE 49) and interrogatories (DE 50). On December 17, 2024, the court directed the parties that all discovery must be "commenced or served" in time to be completed by the discovery deadline of April 25, 2025. Plaintiff's discovery requests were not filed until April 28, 2025. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(A), defendant must respond within 30 days of service of requests for production of documents. Because plaintiff failed to serve his discovery requests in sufficient time to allow discovery to be completed by the deadline, and did not request extension of the case management deadline for completing discovery, the court grants defendants' motion for protective order and excuses defendants from responding to such requests.

D.      Motion to Dismiss

1.      Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further

4

factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[2]

      2.      Analysis

As noted above, defendants Russell, Bissette, and Martinez argue plaintiff's claims are barred by the statute of limitations. In response, plaintiff argues the claims in his amended complaints (DE 10, 44) should related back to the filing date of his original complaint. Congress has not adopted a statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. See Burnett v. Grattan, 468 U.S. 42, 48–49 (1984); Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 388 (4th Cir. 2014); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995). Specifically, the state statute of limitations for personal injury actions governs claims brought under § 1983. See Wallace v. Kato, 549 U.S. 384, 387 (2007). North Carolina has a three-year statute of limitations for personal injury actions. See N.C. Gen. Stat. § 1-52(5). Thus, North Carolina's three-year statute of limitations governs plaintiff's claims for retaliation, civil conspiracy, access to courts, and deliberate indifference relating to the April 2016 assault. See, e.g., Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); National Advert. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n.2 (4th Cir. 1991).

Although the limitations period for claims brought under section 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. See, e.g., Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181. Under federal law, "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to [him] that reasonable inquiry will reveal

---

[2]      Internal citations and quotation marks are omitted from all citations unless otherwise specified.

[his] cause of action." Reid v. James Madison Univ., 90 F.4th 311, 319 (4th Cir. 2024). In other words, "for purposes of a § 1983 claim, a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice—e.g., by the knowledge of the fact of injury and who caused it—to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995).

If an amended complaint is filed after the expiration of the statute of limitations, "'unless the amended complaint . . . relates back to the date of the original filing, it will be barred by the statute of limitations and subject to dismissal.'" Wilkins v. Montgomery, 751 F.3d 214, 223–24 (4th Cir. 2014). An amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and compliant, the party to be brought in by amendment:
>
>> (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1); see also Goodman v. Praxair, Inc., 494 F.3d 458, 470 (4th Cir. 2007) (noting the "core requirements of [Rule 15(c)(1)(C)] preserve for the new party the protections of a statute of limitations. They assure that the new party had adequate notice within the limitations

6

period and was not prejudiced by being added to the litigation."). Where a new party is substituted, Rule 15(c)(1) requires the new party knew or should have known it would be a party within the limitations period. Goodman, 494 F.3d at 471; see also Wilkins, 751 F.3d at 224 ("Specifically, as to Rule 15(c)(1)(C)(ii), the Supreme Court has clarified, 'The question . . . is not whether [the amending party] knew or should have known the identity of . . . the proper defendant, but whether [the potential defendant] knew or should have known that it would have been named as a defendant but for an error.'").

Here, the parties agree plaintiff's claim accrued on November 21, 2020. (Compl. (DE 1) at 5). Plaintiff signed his original complaint on November 8, 2023. (Id. at 10). Plaintiff's first amended complaint identifying defendants Russel, Bissette, and Martinez was signed June 12, 2024, well after the three-year statute of limitations. While the claims in the June 12 amended complaint arose out of the same conduct, transaction, or occurrence that plaintiff attempted to set out in the initial complaint, the original complaint only identifies Lenoir County Sheriff Office and Lenoir County Emergency Services as defendants. (Id. at 1, 3). Thus, defendants Russel, Bissette, and Martinez did not receive adequate notice of the action within the limitations period, and the claims against them do not relate back to the initial complaint. See Goodman, 494 F.3d at 472–73; see also Lee v. City of Fayetteville, No. 5:15-CV-638-FL, 2016 WL 1266597, at *8–9 (E.D.N.C. Mar. 30, 2016). Accordingly, plaintiff's claims against defendants Russel, Bissette, and Martinez are time barred, and the court grants their motions to dismiss.

7

## CONCLUSION

Based on the foregoing, the motions to dismiss (DE 30, 39) filed by defendants Russell, Bissette, and Martinez are GRANTED, and they are DISMISSED from this action. Plaintiff's motion to amend (DE 44) is GRANTED in part and DENIED in part as provided above. Plaintiff's motion to appoint counsel (DE 34) is DENIED. Defendants' joint motion for protective order (DE 51) is GRANTED.

SO ORDERED, this the 30th day of September, 2025.


_____
LOUISE W. FLANAGAN
United States District Judge

8