IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3320-FL

| | | |
|---|---|---|
| ROBERT LEE STROTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHAUNA CASTILEJA, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on defendant's motion for summary judgment (DE 63) under Federal Rule of Civil Procedure 56. Plaintiff responded in opposition (DE 82). With this motion fully briefed, the issues raised are ripe for ruling. Also before the court is defendant's unopposed motion to seal (DE 69).

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint November 16, 2023, alleging violations of his civil rights under 42 U.S.C. § 1983. Plaintiff's initial complaint named Lenoir County Sheriff's Office and Lenoir County Emergency Services as defendants. After frivolity review, the court held that defendant Lenoir County Sheriff's Office could not be sued under § 1983, and that defendant failed to allege facts supporting municipal liability against defendant Lenoir County Emergency Services. The court directed plaintiff to file amended complaint.

[1] The court constructively amends the case caption to reflect dismissal of formerly named defendants Lenoir County Sheriff Office, Lenoir County Emergency Services, Captain Ruseell, Deputy Bissette, and G. Martinez.

On June 20, 2024, plaintiff filed amended complaint naming defendants Captain R. Russell ("Russell"), Deputy J. Bissette ("Bissette"), G. Martinez ("Martinez"), and Shauna Castileja. Defendants Russell, Bissette, and Martinez moved to dismiss arguing, in part, that plaintiff's claims were barred by the applicable statute of limitations. On September 30, 2025, the court determined that plaintiff's claims against defendants Russell, Bissette, and Martinez were barred by the statute of limitations. They were dismissed from this action.

On December 3, 2025, defendant Shauna Castileja ("defendant") filed the instant motion for summary judgment arguing, in part, that plaintiff's claims against her are time barred as well. In support, defendant submits a memorandum of law, statement of material facts, and declaration. Plaintiff responded in opposition. Plaintiff argues that his claims are not barred by the statute of limitations and that defendant's motion for summary judgment should be denied. In support, plaintiff relies on a supporting memorandum, opposing statement of facts, declaration, and affidavit.

**COURT'S DISCUSSION**

A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving

party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[2]

Only disputes between the parties over facts that might affect a case's outcome preclude summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether a genuine issue exists, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam) ("On summary judgment the inferences to be drawn from the underlying facts contained in [the record] must be viewed in the light most favorable to the party opposing the motion.").

B. Analysis

Congress has not adopted a specific statute of limitations for actions brought under 42 U.S.C. § 1983. Thus, the analogous state statute of limitations applies. See Owens v. Balt. City State's Att'ys Off., 767 F.3d 379, 388 (4th Cir. 2014). Specifically, the state statute of limitations for personal injury actions governs claims brought under § 1983. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens, 767 F.3d at 388. North Carolina has a three-year statute of limitations

2 Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

for personal injury actions. N.C. Gen. Stat. § 1-52(5); see also Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996).

While the limitations period for claims brought under § 1983 is borrowed from state law, "the accrual date of a § 1983 cause of action is a question of federal law." See Wallace, 549 U.S. at 388; see also Brooks, 85 F.3d at 181. "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Brooks, 85 F.3d at 181 (quotation marks omitted). In other words, "for purposes of a § 1983 claim, a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice—e.g., by the knowledge of the fact of injury and who caused it—to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995).

If an amended complaint is filed after the expiration of the statute of limitations, "unless the amended complaint relates back to the date of the original filing, it will be barred by the statute of limitations and subject to dismissal." Wilkins v. Montgomery, 751 F.3d 214, 223–24 (4th Cir. 2014) (cleaned up). An amended pleading relates back to the date of the original pleading when, in relevant part:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and compliant, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C); see also Goodman v. Praxair, Inc., 494 F.3d 458, 470 (4th Cir. 2007) (en banc). When a new party is substituted, Rule 15(c)(1)(C) requires that the new party either knew or should have known it would be a party within the limitations period. Goodman, 494 F.3d at 471; see also Wilkins, 751 F.3d at 224 ("The question is not whether the amending party knew or should have known the identity of the proper defendant, but whether the potential defendant knew or should have known that it would have been named as a defendant but for an error.") (cleaned up).

Plaintiff's claims against defendant arise out of conduct occurring on November 21, 2020. (Amend. Compl. (DE 10) at 5). Plaintiff's first amended complaint identifying defendant was signed June 12, 2024, more than seven months after the three-year statute of limitations expired. (Id. at 10). These claims arise out of the same occurrence that plaintiff attempted to raise in his original complaint, but the original complaint did not name defendant. (Compl. (DE 1) at 1). Additionally, plaintiff's original complaint against defendants Lenoir County Sheriff's Office and Lenoir County Emergency Services was never served because plaintiff's claims were insufficient to survive frivolity review. As a result, defendant did not receive adequate notice of the action within the three-year limitations period, and plaintiff's claims against defendant cannot relate back to the initial complaint. See Fed. R. Civ. P. 15(c)(1)(C); see also Goodman, 494 F.3d at 472–73. Because plaintiff's claims against defendant are barred by the statute of limitations, the court grants defendant's motion for summary judgment.

Next the court considers defendant's unopposed motion to seal. The court has reviewed and considered the motion under the governing standard. Doe v. Pub. Citizen, 749 F.3d 246, 266–67, 272 (4th Cir. 2014). Plaintiff does not oppose sealing portions of defendant's statement of

material facts and declaration supporting summary judgment, and the public has received adequate notice of the motion to seal. Plaintiff's interest in the confidentiality of his medical records requires sealing in the instant case. Therefore, defendant's unopposed motion to seal (DE 69) is granted and the clerk shall maintain docket entries 67 and 68 under seal.

**CONCLUSION**

Based on the foregoing, defendant's motion for summary judgment (DE 63) and motion to seal (DE 69) are GRANTED. The clerk is DIRECTED to maintain docket entries 67 and 68 under seal. The clerk is further DIRECTED to close this case.

SO ORDERED, this the 25th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge